## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3979 | **DATE** | 7/30/08 |
| **CASE TITLE** | U.S. ex rel. Tony Anderson (B-16044) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied, and he must pay the $5.00 filing fee. Also, petitioner must inform the Court whether the counts of conviction being challenged in this petition are the same as counts of conviction challenged in *Anderson v. Briley*, No. 03-1927. Failure to pay the $5.00 statutory filing fee and comply with this order within 30 days of the date of this order will result in summary dismissal of this case without prejudice.

■ **[For further details see text below.]**                                      Docketing to mail notices.

### STATEMENT

Petitioner Tony Anderson (B-16044), a state prisoner at Stateville Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and seeks leave to proceed *in forma pauperis*. Petitioner challenges his 1991 conviction counts of attempted first-degree murder, armed robbery, and armed violence, and he argues that his confession was coerced and several instances of ineffective assistance of counsel.

Petitioner's motion for leave to proceed *in forma pauperis* reveals that he is not indigent, and the motion is denied. Petitioner's statement of his trust fund account shows that he has a balance of $73.17. Because petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If petitioner does not pay the filing fee within 30 days, the Court will dismiss this case without prejudice.

Additionally, the Court notes that petitioner previously challenged his 1991 conviction counts for murder, attempted murder, and armed robbery, and that the Court dismissed that petition as untimely. *Anderson v. Briley*, No. 03-1927 (Order dated June 3, 2003). The Court's initial review indicates that petitioner is now challenging the same conviction counts. Petitioner must thus inform the Court whether he is challenging the same conviction and state why the current petition is not successive, such that he should first obtain permission from the Seventh Circuit to proceed with this petition. *See* 28 U.S.C. § 2244(b); Circuit Rule 22. Petitioner's failure to show cause within 30 days of the date of this order will result in summary dismissal of this case without prejudice.

isk